**David MONTIEL GARCIA, a/k/a David Montiel, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 990, Docket 92–2635.

United States Court of Appeals, Second Circuit.

Argued Feb. 5, 1993.

Decided March 8, 1993.

Ivan S. Fisher, New York City (David Wikstrom, Kenneth M. Tuccillo, of counsel), for appellant.

Karen A. Popp, Asst. U.S. Atty., E.D.N.Y., Brooklyn, NY (Mary Jo White, U.S. Atty. and Peter A. Norling, Asst. U.S. Atty., E.D.N.Y., of counsel), for appellee.

Before: MESKILL, Chief Judge, FEINBERG and WINTER, Circuit Judges.

PER CURIAM:

This is an appeal from a final judgment entered in the United States District Court for the Eastern District of New York, Raggi, *J.*, denying David Montiel Garcia's (Montiel) petition for a writ of habeas corpus. Montiel claims that the district court erred in certifying his extradition because extraditing him would violate Article 6 of the extradition treaty between the United States and Mexico (the Treaty).

On April 15, 1991, Montiel was indicted by a federal grand jury in the Eastern District of New York on charges of violating 18 U.S.C. § 2252(a)(1), which prohibits transporting in interstate and foreign commerce visual depictions that involved the use of a minor engaging in sexually explicit conduct. Montiel and the United States negotiated a plea agreement. The government told Montiel that his plea would not bar any other proceedings that might be brought against him by other sovereigns or jurisdictions.

Prior to Montiel's pleading guilty to the pending indictment, the United States Attorney's Office received confirmation that the Government of Mexico was seeking extradition of Montiel for sexual assault. After Montiel pleaded guilty to the charges in the United States, Mexico submitted a formal request for extradition. Mexico alleges violations of Article 234 (carrying out a sexual act on a person of less than twelve years of age) and Article 179 (procuring, through sexual acts, the corruption of a minor) of the Mexican Penal Code. Montiel argued that his extradition is barred by Article 6, the *non bis in idem* clause of the Treaty. The district court disagreed and certified Montiel for extradition to Mexico. There is no appeal from a certification of extraditability under 18 U.S.C. § 3184; the only recourse for the extraditee is to file a petition for a writ of habeas corpus. *See Ahmad v. Wigen,* 910 F.2d 1063, 1065 (2d Cir.1990). Therefore, Montiel brought a petition for a writ of habeas corpus challenging the certification on substantially the same issues, namely, that Article 6 of the Treaty bars the extradition. The district court denied the petition for the writ of habeas corpus "for the same reasons as those stated in its Memorandum and Order dated July 30, 1992."

The judgment of the district court is affirmed substantially for the reasons set forth in Judge Raggi's Order denying the petition for a writ of habeas corpus dated August 31, 1992 and her Memorandum and Order certifying that Montiel is extraditable dated July 30, 1992, 802 F.Supp. 773 (E.D.N.Y.1992).